CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 04, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
         DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **RANDY LEE LASSITER, JR.,** ) | |
| Plaintiff, ) | Civil Action No. 7:23cv00650 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **CORR. OFFICER BLEVINS, et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Randy Lee Lassiter, Jr., a Virginia inmate proceeding *pro se*, has filed an action under 42 U.S.C. § 1983, alleging multiple claims against numerous defendants arising from incidents occurring at Wallen's Ridge State Penitentiary between August 3, 2023, and November 2023, and at Pocahontas State Correctional Center between March 2022 and June 2022. The matter is currently before the court on two motions for preliminary injunction filed by Lassiter, both of which will be denied.

## FIRST MOTION FOR PRELIMINARY INJUNCTION

In his first motion for preliminary injunction, ECF No. 54, Lassiter seeks a transfer to a DOC facility in the Eastern part of Virginia. He seeks this transfer because he alleges that he is currently being retaliated against for filing this lawsuit, noting that he has been transferred back to Wallen's Ridge (as of July 23, 2024), where many of the incidents alleged in his complaint had previously occurred. The retaliatory acts alleged to have occurred after July 23, 2024, include tampering with his mail, being placed in R.H.U. segregation, being given "light portion" trays, being served beans that he is allergic to, being left in the shower for hours, and being denied medical treatment for chronic pain.

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The

party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The remedy may be granted only on a "clear showing" of entitlement to relief. *Id.* at 22.

A preliminary injunction is not appropriate when the relief sought is unrelated to the conduct involved in the underlying lawsuit. *Omega World Travel v. TWA*, 111 F.3d 14,16 (4th Cir. 1997). The purpose of an injunction is to protect the moving party from continuation of the harms alleged in the complaint while the suit is pending, to maintain the status quo. In this case, Lassiter seeks a remedy that does not maintain the status quo, but that essentially orders the DOC to transfer him to another facility. Such mandatory injunctions should be granted "only in those circumstances when the exigencies of the situation demands such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). The court in *Wetzel* reversed a lower court's preliminary injunction ordering transfer of an inmate to another facility, noting that federal courts should give broad deference to the informed decisions of prison administrators responsible for making such decisions. *Id.* at 288.

Analysis of the factors in *Winter* confirms that a preliminary injunction ordering transfer is not appropriate in this case. Even were Lassiter to prevail on one of his claims in this lawsuit, transfer would not be an appropriate remedy, and preliminary injunctions typically seek the same remedy before trial that would normally have to await the outcome of the proceeding. This is why a litigant must make a clear showing of entitlement to relief in his underlying claim before an injunction is appropriate. Lassiter has not met the burden of clearly showing his entitlement to relief in the underlying complaint.

Next, Lassiter makes no showing that he is likely to suffer *irreparable* harm in the absence of an injunction. Assuming the allegations in his motion to be true, there is no likelihood of irreparable injury from having mail tampered with, from receiving "light portion" dinner trays, or from taking a several-hours-long shower. Further, as Lassiter knows he is allergic to beans and obviously knows what beans look like, there is no likelihood of irreparable harm from having them served to him inadvertently; he just does not have to eat them.

Regarding his claims for lack of medical treatment for his chest pain, back pain, neck pain, migraines, swollen feet, and nerve-damaged hands, Lassiter's allegations are conclusory. He offers no evidence of what treatment he is supposed to receive that he has not received, nor has he indicated how he will be irreparably harmed by not receiving that treatment. In contrast, the defendants have attached the affidavit of C. Collins, a registered nurse at Wallen's Ridge, who states that the medical department examined Lassiter's neck and back on August 1, 2024, and on August 26, 2024. On August 26, Lassiter also complained of chest pain and shortness of breath, but his lungs were clear, with no wheezing, and his vital signs were normal. He was added to the list to be seen by the doctor on a non-emergent basis. That he was evaluated twice in one month and scheduled for follow-up with the doctor completely undermines Lassiter's claim for deliberate indifference.

Because Lassiter has failed to meet the first two requirements for an injunction, the court need not evaluate the remaining factors. The motion for an injunction transferring him to another DOC facility in the Eastern part of Virginia will be denied.

## Second Motion for Preliminary injunction

Lassiter's second motion for preliminary injunction, ECF No. 59, like his first, alleges that he was transferred from Sussex I to Wallen's Ridge in retaliation. He does not say what the

retaliation was for, nor does he identify the person who retaliated against him.  He seeks transfer to a facility in the Eastern region of Virginia plus an order to allow video and phone visits with his family calls to PREA and mental health whenever he wants to for emotional support.  He complains that he has been in R.H.U. segregation for 90 days as retaliation.  He continues to complain that the medical department is being "grossly negligent and deliberately indifferent" to his medical needs.  His specific allegation is that he is being denied Wellbutrin and mental health treatment.  Instead of being left in the shower too long, he now complains that he is being denied showers.  In addition to his incoming and outgoing mail being tampered with, he alleges that he is being denied access to the law library, that he continues to receive beans that he is allergic to and pork that is against his religion, denial of outside recreation, denial of contact and video visits with his family, and denial of his First and Fourteenth Amendment rights.  Finally, he says that his medical grievances are ignored and not responded to.

      As with the first motion, the allegations here, following his transfer back to Wallen's Ridge on July 23, 2024, do not relate to his underlying 2023 and 2022 claims.  For that reason alone, the temporary injunction sought is unavailable.  *See Omega World Travel*, 111 F.3d at 16.  Nor has he made a clear showing of likely success on the merits of his underlying claim.  *Winter*, 555 U.S. at 22.  Finally, he has shown no likelihood of irreparable harm for many of the same reasons discussed in addressing the first motion.

      In contrast with Lassiter's conclusory allegations, the defendants have filed affidavits and documentary evidence showing that Lassiter has been seen and assessed by medical more than once, that he suffers from no urgent or emergent medical condition, that he is seen by mental health several times per week, and that Wellbutrin is contraindicated for his condition.  Collins Aff, ¶¶ 7, 9, 11-12, ECF No. 65-1.  S Caughron, Housing Manager for Lassiter's Building, has

4

seen and spoken with Lassiter; Lassiter spoke about wanting a transfer, but he voiced no complaints about staff tampering with his food or otherwise acting inappropriately towards him. Caughron Aff., ¶ 7, ECF No. 65-2.  Caughron stated that Lassiter's placement in R.H.U. was intended neither as retaliation nor punishment, but for the safe and orderly operation of the prison; Lassiter's numerous infractions identified him as an inmate who presents a serious threat to himself or others when left in general population.  *Id.* at ¶ 5.  Both affidavits presented by the defendants have attached Lassiter's Inmate Grievance Log, documenting nine pages of grievances filed by Lassiter just between his transfer to Wallen's Ridge on July 23, 2024, and September 9, 2024.  Caughron noted that Lassiter files complaints daily, sometimes multiple times per day.  Caughron Aff., ¶ 10.  Indeed, the log reflects as many as six complaints filed in a single day on September 3, 2024.  The log was printed on September 9, 2024, and some of the most recent entries did not show a response to the grievance yet, but significantly, each medical grievance had been responded to.  Collins Aff., Attachment A.

Lassiter has failed to support the allegations in his motion for preliminary injunction, but even if his allegations were true, they do not establish likelihood of his success on the merits of his original lawsuit, nor do they show a likelihood of imminent harm.  His motion will be denied.

## CONCLUSION

For the reasons stated, Lassiter's motions for preliminary injunctions (ECF Nos. 54 and 59) are **DENIED**.

Enter:  November 3, 2024

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge