CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 04, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| RANDY LEE LASSITER, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23cv00650 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CORR. OFFICER BLEVINS, et al., | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States District Judge |

This matter is before the court on remand from the Fourth Circuit Court of Appeals for the limited purpose of determining whether Lassiter, a Virginia inmate proceeding *pro se*, is entitled to a reopening of the appeal period to appeal this court's order of November 19, 2024, dismissing his civil rights action under 42 U.S.C. § 1983, partially with prejudice and partially without prejudice. For the reasons that follow, I find that Lassiter has failed to establish the necessary conditions set forth in Fed. R. App. P. 4(a)(6) to reopen the time to appeal.

## I.   RELEVANT PROCEDURAL BACKGROUND

On November 19, 2024, the court entered a memorandum opinion and dismissal order. The court found that none of Lassiter's claims, as written, stated a claim for which relief could be granted, but some of them could be amended with sufficient facts to become valid claims. The court also noted that Lassiter had misjoined several unrelated claims that should be filed as separate lawsuits. Dkt. No. 74 at 3, 9. The judgment order dismissed five groups of claims and subclaims with prejudice, and 18 subclaims were dismissed without prejudice. Dkt. No. 75.

On January 24, 2025, the court received a January 21, 2025, letter from Lassiter stating that he did not have any of his legal paperwork that was being held by the prison while he was in segregation on mental health precautions. Dkt. No. 76. He knew that the case had been dismissed without prejudice, but he did not get the opinion when it arrived at the prison. He

alleged that he did not know the court's address and filed his Motion for Reconsideration the previous month in the Eastern District of Virginia, where the case originally started. The court interpreted his motion as a request to file a late Motion for Reconsideration under Fed. R. Civ. P. 59(e).

On March 6, 2025, the court received another letter from Lassiter, mailed on March 3, 2025. He reiterated that he did not have any legal materials or property with which to respond to the dismissal order but said he had sent a Motion for Reconsideration and a Notice of Appeal to the Eastern District of Virginia, asking that court to forward the pleadings to this court. He further stated that "I would like to Amend the Judgment Rule 59 and 60 and reopen my case for reconsideration and appeal if needed being that I didn't have the proper time to respond." Dkt. No. 79. The court interpreted this motion as a Rule 60 motion.

By order entered May 1, 2025, (Dkt. No. 80) the court denied both motions. Plaintiff then appealed to the Fourth Circuit. The appellate court construed the letters of January 21 and March 3, together as a request to reopen the period to file an appeal under Fed. R. App. P. 4(a)(6) and remanded the case to this court to determine whether Lassiter is entitled to a reopening of the appeal period. Dkt. No. 88. To obtain factual information necessary to address the issue, I ordered Lassiter to file an affidavit stating when he received the dismissal order mailed to him by this court on November 19, 2024. Dkt. No. 90. The order also gave defense counsel an opportunity to respond to Lassiter's affidavit within 14 days, if they desired to do so.

On April 29, 2026, the court received Lassiter's affidavit, in which he states that he received the court's opinion on December 3, 2024. Dkt. No. 91. He also reiterated that he wrote a letter to the Eastern District of Virginia requesting the court to forward his Motion for Reconsideration and Notice of Appeal to this court. This court has never received such

2

correspondence from the Eastern District of Virginia.  Checking that court's ECF system, which had a file for *Lassiter v. Blevins, et al.*, No. 2:23cv00478, before the case was transferred to the Western District, I found no correspondence or pleadings from Lassiter after the case was transferred in 2023.

## II.  DISCUSSION

Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days after entry of the order to reopen, but only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6) (emphasis added).

Based upon Lassiter's representation that he received the opinion from the court on December 3, 2024, the conditions for reopening the appeal time have not been met.  December 3 is 14 days after the order was entered on November 19, well within the 21-day window set forth in Rule 4(a)(6)(A).  Although Lassiter's letters of January 21 and March 3 were both filed within 180 days after the November 19 order, Rule 4(a)(6)(B) requires me to determine whether his motion was filed within the *earlier* of 180 days of November 19 or 14 days after actual receipt of the order from the court.  Fourteen days after December 3 is December 17, even earlier than the normal appeal deadline of December 19, 2024.  The earliest date on which the motion to reopen was filed is January 21, 2025, more than a month after he received notice of the judgment from

3

the court.  Because he has not met the requirements of subsections (A) or (B) of Rule 4(a)(6),

Lassiter is not entitled to have his appeal period reopened.

I will enter an appropriate order this day.

Enter:  May 1, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge