CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| RANDY LEE LASSITER, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00650 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CORR. OFFICER BLEVINS, et al., | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Plaintiff Randy Lee Lassiter, Jr., a Virginia inmate proceeding *pro se*, has filed a Motion for Reconsideration of this court's opinion dated May 1, 2026 (and filed May 4, 2026), finding that he failed to establish the necessary conditions set forth in Federal Rules of Appellate Procedure 4(a)(6) to reopen the time in which to appeal dismissal of his case. The motion, filed under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure, was received by the court on May 26, 2026, well within the required 28 days. For the reasons stated below, I will deny his Motion for Reconsideration.

## I.   RELEVANT BACKGROUND

On November 19, 2024, this court dismissed Lassiter's Complaint. Although five groups of claims and subclaims were dismissed with prejudice, 18 subclaims were dismissed without prejudice, and Lassiter was advised that if he chose to refile those claims, they should be filed as separate lawsuits because they arose out of unrelated events. Dkt. No. 74.

On January 21, 2025, and on March 3, 2025, Lassiter mailed correspondence which the court interpreted as Motions for Reconsideration under Rule 59 and Rule 60, respectively, of the Federal Rules of Civil Procedure. This court denied both motions, and Lassiter appealed. On appeal, the appellate court construed the January and March 2025 letters as a request to reopen

the time in which to appeal the case, and the Court remanded the case for determination of whether Lassiter was entitled to have the appeal period reopened.

By order entered April 6, 2026, this court entered an order explaining Appellate Rule 4(a)(6) and directing Lassiter to submit an affidavit stating when he received the November 19, 2024 dismissal order. Specifically, the court stated:

> To address the issues required by Rule 4(a)(6)(A) – (C), the court must determine when Lassiter *physically received* the copy of the November 19, 2024, judgment order, that this court mailed to him— *not the date someone told him about the order*, but when he actually received the copy himself. That is, did he receive the judgment order within 14 days of him mailing the January 21, 2025, letter now construed as a motion to reopen the appeal period. Dkt. No. 76. Accordingly, Lassiter shall, within **21 days** from the date of this order (by April 27, 2026), submit an affidavit under oath or declaration under penalty of perjury, stating when he received the judgment order mailed by this court on November 19, 2024. The defendants, by counsel, shall have **14 days** after receipt of Lassiter's response to submit a response, including an affidavit or declaration under penalty of perjury by an appropriate records custodian, along with supporting documentation, of the date that Lassiter's legal mail containing the judgment order of November 19, 2024, was *physically delivered* to Lassiter, if such information is available.

Dkt. No. 90 (italics added).

The court received Lassiter's affidavit on April 29, 2026, in an envelope stamped "received" in the mailroom on April 24, 2026. The affidavit itself purported to be notarized on February 26, 2026, which is before this court ordered him to submit an affidavit. He stated that he received the judgment order on December 3, 2024, when he was on mental health precautions and did not have any legal material or property in his cell or when he was sent to medical on suicide watch that night. While in medical, he sent a letter seeking reconsideration of the dismissal to the District Court in the Eastern District of Virginia, and a notice of appeal, asking

that the material be forwarded to this court.  Dkt. No. 91.  He attached documentation showing

that he was placed on safety status from December 3 – December 10, 2024.  Dkt. No. 91-1.

Based upon Lassiter's affidavit that he received the order on December 3, 2024, well

within the timeline for filing a Notice of Appeal, the court found that he did not meet the

conditions for reopening the time for appeal.  Under Rule 4(a)(6)(B), his motion would have to

be filed within the *earlier* of 180 days of November 19, 2024, or 14 days after actual receipt of

the order from the court.  Fourteen days after December 3 is December 17, 2024.  Lassiter had

until December 19, 2024, to file his Notice of Appeal under the normal timeline.

## II. STANDARD OF REVIEW

Rule 59(e) motions to alter a judgment will be granted in three circumstances: (1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Ingle ex rel.*

*Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).  "A motion filed under both Rule

59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10[1]

days after entry of the adverse judgment and seeks to correct that judgment."  *Robinson v. Wix*

*Filtration Corp. LLC,* 599 F.3d 403, 412 (4th Cir. 2010).

## III. DISCUSSION

Lassiter has provided no evidence of an intervening change in the law regarding

extending the time to appeal.  He has provided no new evidence that was not previously

available to him.  For the most part, he recited the same facts but in more detail.  However, in his

motion, he said "The November 19, 2024 order, was never personally received by Lassiter on

December 3, 2024 . . ."  Dkt. No. 96 at 2.  This directly contradicts his sworn affidavit, which

---

[1] Effective December 1, 2009, the time limit for filing Rule 59(e) motions was extended from 10 days to 28 days.
Fed. R. Civ. P.  Advisory Committee's Note to 2009 amendment.

stated "I recieved (sic) the judgment order mailed by this court on November 19, 2024, on December 3, 2024 when I was QMHP-Mental Health precautions."  Dkt. No. 91.  Reading further in his current motion, he said that "all legal correspondence was brought to me and then taken from me," and "I received legal mail from the United States District Court Roanoke Division and basically the only thing I knew about my case was it was dismissed and then Intel-Investigator confiscated my legal mail from my possession . . ."  Dkt. No. 96 at 3.

In essence, Lassiter is arguing that he got possession of the mail, realized that his case had been dismissed, and then the mail was "confiscated."  Appellate Rule 4(a)(6) requires a finding "that the moving party did not receive *notice* under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."  The advisory committee notes clarify that a litigant must receive the formal notice mailed (or otherwise served) by the court, not some other kind of notice.  Fed. R. App. P. 4(a)(6) advisory committee's note to 2005 amendment.  The rule requires that he receive the notice, not that the court's correspondence remain in his possession indefinitely.  By his own admission, Lassiter received it and understood the legal import of it.  That it was removed from his possession after he read it does not mean he did not receive it.

Not only do the additional details provided in the motion fail to undermine the court's prior order, but these allegations are not new evidence previously unknown to him.  He could have gone into great detail in his affidavit to explain that he did not "really" receive the notice because it was taken away from him after he got to look at it.  He did not do so, and it is too late to do so at the motion for reconsideration stage.  Likewise, his allegations of bipolar disorder and other mental health conditions, rendering him "incompetent" because of hearing voices and seeing things, were known to him when he filed his affidavit.  He did not make the allegations

4

then.  Given his representation of efforts to timely appeal the 2024 dismissal, the allegations do not support his claimed incompetence.

Finally, his failure to introduce his factual allegations earlier does not create a "manifest injustice."  *See Arvon v. Liberty Mutual Fire Ins. Co.*, No. 20-1429, 2021 WL 3401258, at *3, n.2 (4th Cir. Aug. 21, 2021) (noting the absence of a "concrete definition of 'manifest injustice'" in this Circuit, but the Fourth Circuit's prior citation to cases in the D.C. Circuit finding that failure to act until after an order is entered does not create a manifest injustice).  The argument that he did not really "receive" the notice is not persuasive, nor are his allegations of legal incompetence.  Therefore, raising them earlier would not likely have changed the court's May 1, 2026, decision.

## IV. CONCLUSION

For the reasons stated, I will deny the Motion for Reconsideration.  An appropriate Order will be entered this date.

Enter:  July 2, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

5